IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
March 12, 2021
ST-2019-CV-00144
**TAMARA CHARLES
CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
************

GOVERNMENT OF THE VIRGIN ISLANDS ) 
AND VIRGIN ISLANDS POLICE )   **CASE NO. ST-2019-CV-00144**
DEPARTMENT, )
                                                  )
                   **Petitioners,** )   **PETITION FOR WRIT**
v. )   **OF REVIEW**
                                                  )
RIISE E. S. RICHARDS and PUBLIC )
EMPLOYEES RELATIONS BOARD, )
                                                  )
                   **Respondents.** )

Cite as: 2021 VI Super 32U

## MEMORANDUM OPINION AND ORDER

¶1     **THIS MATTER** is before the Court on:

    1. Amended Petition For Writ Of Review, filed April 30, 2019;

    2. Brief In Support Of Petitioner's Petition For Writ Of Review, filed August 23, 2019;

    3. Respondent's Motion To Dismiss The Petitioners Writ Of Review, filed September 13, 2019;

    4. Respondent Public Employees Relations Board's Responsive Brief, filed September 16, 2019; and

    5. Respondent Riise E. S. Richards' Motion To Dismiss The Petitioners Writ Of Review, filed September 18, 2019.[1]

¶2     For the reasons set forth below, the Public Employees Relations Board's ("PERB") interpretation of the statute was correct. Therefore, PERB's decision will be affirmed.

---

[1] Respondent Riise E.S. Richards filed *pro se* two identical motions within five days of each other. The Court will treat them as one.

## I.      INTRODUCTION

¶3      Riise E.S. Richards ("Richards") was the Director of Planning, Research, and Evaluation for the Virgin Islands Police Department ("VIPD").[2] On September 14, 2004, the People of the Virgin Islands ("People") filed a multi-Count information against Richards.[3] Richards was subsequently suspended from her job, was convicted by a jury on February 10, 2006, on two of the seven charges, and was then terminated from her job on May 25, 2006.[4] Richards appealed her termination. Following a two-day trial, "the jury returned a verdict of guilty on two counts: Count Four, charging embezzlement by a public officer; and Count Seven, charging grand larceny."[5] On July 19, 2006, the trial court judge set aside the jury's verdict of guilty on the charge of embezzlement by a public officer and entered a judgment of acquittal. The People appealed this judgment of acquittal to the Appellate Division of the District Court.[6]

¶4      PERB reinstated Richards' employment status and granted her backpay on August 7, 2006.[7] Years later, on June 11, 2015, the Appellate Division of the District Court reversed the Superior Court's judgment of acquittal and on January 19, 2017, the Superior Court entered judgment convicting Richards of embezzlement by a public officer in violation of title 14, § 1089 of the Virgin Islands Code.[8] While this was ongoing, Richards and VIPD were in PERB-ordered mediation to resolve an issue of backpay, and after the Superior Court's judgment VIPD filed a motion to dismiss the PERB matter on May 29, 2018, citing title 3, § 667 of the Virgin Islands Code.[9]

¶5      On February 19, 2019, PERB issued a Show Cause Decision and Order ("PERB Decision") that denied VIPD's motion to dismiss arguing that 3 V.I.C. § 667 was not applicable to Richards's conviction.[10] PERB reasoned that the language of the statute said that an employee would not be eligible for government employment if the employee was found to violate a provision of "*this*

---

[2] Pet. For Writ Review 1.
[3] Pet. For Writ Review 1.
[4] Pet. For Writ Review 1.
[5] *People v. Richards*, D.C. Crim. App. No. 2006-79, 2015 WL 3668804, at *1 (D.V.I. June 11, 2015) (unpublished).
[6] Pet. For Writ Review 2.
[7] Pet. For Writ Review 2.
[8] Pet. For Writ Review 2. V.I. CODE ANN. tit. 14, § 1089 states:

> Whoever, being an officer of the Virgin Islands or a subdivision thereof, or a deputy, clerk, or servant of such officer, or an officer, director, trustee, clerk, servant, attorney, or agent of any association, society, or corporation (public or private), fraudulently appropriates to any use or purpose not in the due and lawful execution of his trust, any property which he has in his possession or under his control by virtue of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, is guilty of embezzlement.

[9] Pet For Writ Review 2. 3 V.I.C. § states: "Whoever is convicted of an offense under this chapter shall, for a period of five years, be ineligible for appointment to, or employment in, any position in the Government Service, and, if he is an officer or employee of the Government, shall forfeit his office or position."
[10] Pet For Writ Review 3.

*chapter*," and Richards was found to violate a law under *another* chapter.[11] VIPD then filed its Petition For Writ Of Review on March 18, 2019.[12]

## II.    LEGAL STANDARD

### A.  Jurisdiction & Appellate Review

¶6     Title 3, § 530a vests the Superior Court of the Virgin Islands with appellate authority over PERB decisions which are final orders so long as an application for review is filed within thirty (30) days.[13] A final order ends litigation on the merits.[14] Questions of fact determined by PERB are conclusive "if supported by substantial evidence in the record considered as a whole."[15] "In reviewing a final order of the PERB, the court may enforce the order, modify the order and enforce it, set the order aside, or return the matter to the PERB with instructions for further proceeding not inconsistent with this chapter."[16]

### B.  Statutory Interpretation

¶7     Under statutory rules of construction:

> Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to their peculiar and appropriate meaning.[17]

---

[11] PERB Decision; Resp't Public Employees Relations Board's Responsive Br. (emphasis added).

[12] Pet For Writ Review.

[13] 3 V.I.C. 530a(a) provides:

> Any party aggrieved by any final order of the PERB issued under section 530 or 531 of this chapter, may appeal to the Superior Court of the Virgin Islands. An application for review must be filed within 30 days after the date of the Final Order and name the PERB as a party respondent. The rules of procedure of the Superior Court regarding a writ of Review shall govern the appeal proceeding.

[14] *Prosser v. Public Servs. Comm'n of the U.S.V.I.*, 56 V.I. 391, 401 (V.I. 2012) (citing *Estate of George v. George*, 50 V.I. 268, 274 (V.I. 2008)) ("The September 14, 2010 order from the Superior Court was a final order, because it 'end[ed] the litigation on the merits . . . .'").

[15] 3 V.I.C. 530a(b).

[16] 3 V.I.C. 530a(c).

[17] 1 V.I.C. § 42; *see also One St. Peter, LLC v. Bd. Of Land Use Appeals*, 67 V.I. 920, 924 (V.I. 2017) ("In doing so, we read the words and phrases of the statute in their context, and construe them according to the common and approved usage of the English language."); Felix Frankfurter, *Some Reflections On The Reading Of Statutes*, 47 COLUM. L. REV. 527, 528 (1947) ("Though it has its own preoccupations and its own mysteries, and above all its own jargon, judicial construction ought not to be torn from its wider, nonlegal context.").

¶8      "The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning. If the statutory language is unambiguous and the statutory scheme is coherent and consistent, no further inquiry is needed."[18] The plainness or ambiguity of language is determined by reference to the language itself, the specific context in which the language is used, and the broader context of the whole statute.[19] Lastly, Virgin Islands courts must interpret statutes so as not to render them redundant or wholly unnecessary. In the case of *In re L.O.F.*,[20] the Supreme Court of the Virgin Islands stated that "[i]n analyzing a statutory scheme, we must give effect to every provision, making sure to avoid interpreting any provision in a manner that would render it — or another provision — 'wholly superfluous and without an independent meaning or function of its own.'"[21]

## III.    ANALYSIS

¶9      As a preliminary matter, jurisdiction is proper here. The Court is vested with jurisdiction by statute to review PERB final orders. The application for writ of review was timely filed within thirty (30) days. Although the PERB decision is named "Show Cause Decision and Order," because of the procedural background of this case, PERB's decision dismissing VIPD's contentions about why they should not have to comply with a previous order directing them to pay Richards functionally ends the litigation on the merits and is therefore a final order.

¶10     VIPD presented PERB with the argument that Richards is not owed any additional monies because "3 V.I.C. § 667 [ ] states that a government employee that is a convicted felon may not be employed by the Government for 5 consecutive years after the conviction."[22] PERB states that a plain reading and interpretation of 3 V.I.C. § 667 in its broader context indicates it is applicable to those convicted of offenses under "Chapter 25, Subchapter X, of Title 3."[23] In liberally construing Richards *pro se* motion,[24] Richards also argues that rules of statutory interpretation and legislative intent favor dismissal of the petition.[25]

### A.  3 V.I.C. § 667 is limited to chapter 25

¶11     Title 3, chapter 25 of the Virgin Islands Code generally governs Government personnel matters within the Virgin Islands Executive branch. This includes personnel matters such as hiring,

---

[18] *Gov't of the V.I. v. V.I. Casino Control Comm.*, Civil No. SX-16-CV-025, __ V.I. __, 2018 V.I. LEXIS 103, at *14 (V.I. Super. Ct. Oct. 1, 2018) (quoting *In re L.O.F.*, 62 V.I. 655, 661 (V.I. 2015)).

[19] *One St. Peter, LLC*, 67 V.I. at 924 (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)).

[20] 62 V.I. 655 (V.I. 2014).

[21] *Id.* at 661.

[22] Br. In Supp. Of Pet'r's Pet. For Writ Of Review 3.

[23] Resp't Public Employees Relations Board's Responsive Br. 7.

[24] *See, Carrillo v. CitiMortgage, Inc.*, 63 V.I. 670, 679 (V.I. 2015) (quoting *Etienne v. Etienne*, 56 V.I. 686, 691 n.5 (V.I. 2012)); *Donovan v. Virgin Islands*, Case No. ST-12-CV-547, 2013 V.I. LEXIS 21, at *7 (V.I. Super. Ct. Mar. 25, 2013).

[25] Mot. To Dismiss Pet'r's Writ Of Review.

*Gov't of the V.I. et al. v. Richards et al.*
Case No. ST-2019-CV-00144
**Memorandum Opinion and Order**
**Page 5 of 7**

**2021 VI Super 32U**

promotion, and dismissals,[26] pay systems,[27] insurance,[28] and training,[29] among other matters. Subchapter X governs penalties and forfeitures for Virgin Islands Executive branch personnel.[30] Title 3, § 667 of the Virgin Islands Code states: "Whoever is convicted of an offense under this chapter shall, for a period of five years, be ineligible for appointment to, or employment in, any position in the Government Service, and, if he is an officer or employee of the Government, shall forfeit his office or position."

**¶12**     A plain reading of this statute indicates that *this chapter* refers to all of chapter 25. There is no ambiguity in the statute. It does not refer to *any chapter*, it does not refer to conviction of an offense under *this or another chapter*, it does not merely say *convicted of an offense* without anything more nor does it say, as VIPD suggests, *convicted of a felony*. The Legislature is perfectly capable of inserting such language if that was their intent. The language is clear, plain, and unambiguous in limiting the penalty provision to offenses in title 3, chapter 25.

**¶13**     Read within the specific context of the chapter, the rest of chapter 25 deals with the kind of administrative issues discussed above. Subchapter X deals specifically with Executive branch personnel offenses. These offenses include personnel giving false testimony;[31] refusal of personnel to appear, testify, or waive immunity;[32] fraud or false statements by personnel;[33] the payment or solicitation of bribes for promotion;[34] obstructing persons in their appointment;[35] and a general catchall penalty for violation of "any provision" or rules adopted under "any provision . . . of this chapter."[36] That there is a particular subchapter for specifically enumerated offenses suggests that § 667 may, as PERB indicates, be further limited to offenses solely within subchapter X of chapter 25 – although the catchall provision of § 666 suggests the opposite – for why else have such a provision? Thus, the Court will not adopt such a narrow reading here.

**¶14**     Each of these offenses in subchapter X provides for a specific penalty unique to it,[37] with § 667 appearing at the end, providing an umbrella penalty of forfeiture of employment for conviction under any of the preceding offenses. The comprehensiveness of the provisions, which largely have to do with Executive personnel betraying the trust of their office or abusing their power, as well as the catchall provision of § 666, strengthen the argument that the penalty provided for in § 667 is a penalty exclusive to chapter 25.

---

[26] 3 V.I.C. §§ 521-535.
[27] 3 V.I.C. §§ 551-570a.
[28] 3 V.I.C. §§ 631-640a.
[29] 3 V.I.C. §§ 671-690.
[30] 3 V.I.C. §§ 661-667.
[31] 3 V.I.C. § 661.
[32] 3 V.I.C. § 662
[33] 3 V.I.C. § 663.
[34] 3 V.I.C. § 664.
[35] 3 V.I.C. § 665.
[36] 3 V.I.C. § 666.
[37] *Cf.* 3 V.I.C. § 661 (". . . shall be fined not more than $200 or imprisoned not more than 1 year, or both.") *with* 3 V.I.C. § 663 (". . . shall be fined not more than $100 or imprisoned not more than six months, or both.").

¶15     Looking at the broader context, Richards was convicted of 14 V.I.C. § 1089. Title 14 generally covers crimes applicable to anyone in the Virgin Islands. Title 14, chapter 25 governs the crimes of larceny and embezzlement and is applicable to anyone in the Virgin Islands.[38] Title 14, § 1089 governs embezzlement of all public or private officers, whether in any branch of the Government or of a private corporation, society, or association.[39] Title 14, § 1094 provides a specific punishment for violation of any of the embezzlement statutes, with no reference to other titles, chapters, or punishments.[40]

¶16     Title 3, chapter 25, subchapter X of the Virgin Islands Code has no provision related to embezzlement. Nor does 3 V.I.C. § 667 make any mention of barring felons in general, as VIPD asserts. It is clear from the structure of title 14 and title 3 that the legislative intent behind 14 V.I.C. §§ 1089, 1094 is to punish *anyone*, in a specific and particular manner, who is an officer who embezzles. It is also clear that the intent behind subchapter X and § 667 is to categorically restrain Executive personnel in particular from a distinct set of actions within their unique employment context and to temporarily suspend them from serving the public because of the betrayal of the public trust that arises when such an offense occurs. These are distinct and separate purposes.

¶17     Section 667 is not an additional penalty for violations of other crimes. Defendants pay their debt to society under title 14 when they comply with the penalties set forth in title 14, and Executive personnel pay their debt to the Government when they comply with the penalties set forth in title 3. It is plain they are not to be used conjointly. If the Legislature intends to bar felons who are also Executive personnel from working for five (5) years after a conviction, then the Legislature can plainly say it. Section 667 is not to be used as a tool by VIPD to renege on its obligation under PERB's orders to pay Richards.

---

[38] 14 V.I.C. §§ 1081-1094.

[39] 14 V.I.C. § 1089 states:

> Whoever, being an officer of the Virgin Islands or a subdivision thereof, or a deputy, clerk, or servant of such officer, or an officer, director, trustee, clerk, servant, attorney, or agent of any association, society, or corporation (public or private), fraudulently appropriates to any use or purpose not in the due and lawful execution of his trust, any property which he has in his possession or under his control by virtue of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, is guilty of embezzlement.

[40] 14 V.I.C. § 1094 provides that:

> (a) Whoever is guilty of embezzlement shall—
> (1) if the property or money embezzled was less than $100 in value, be fined not more than $200 or imprisoned not more than 1 year, or both; or
> (2) if the property or money embezzled was $100 or more in value, be imprisoned not more than 10 years.
> (b) Where the property embezzled is an evidence of debt or right of action the sum due upon it or secured to be paid shall be taken as its value.

## IV.    CONCLUSION

¶18    Richards was an employee for VIPD and was eventually convicted of Embezzlement By A Public And Private Officer, in violation of title 14, § 1089 of the Virgin Islands Code. After a lengthy procedural history of mediation, orders, and appeals, PERB concluded that Richards was owed payment by the VIPD. VIPD refused, arguing that title 3, § 667 of the Virgin Islands Code precludes her from employment, and thus pay, for five (5) consecutive years after Richards' 14 V.I.C. § 1089 conviction. PERB disagreed, arguing that under canons of statutory interpretation the phrase "this chapter" plainly limits the penalty of 3 V.I.C. § 667 to offenses under title 3, chapter 25, subchapter X of the Virgin Islands Code.

¶19    This Court has statutory appellate authority to review final decisions by PERB and consequently has jurisdiction over this matter. Looking at the plain language, the specific context, and the broader context of the statute, the five (5) year suspension from Government work penalty of 3 V.I.C. § 667 is clearly limited to offenses detailed under title 3, chapter 25 of the Virgin Islands Code. Thus, the Court denies VIPD's Petition For Writ Of Review, denies as moot Richards' Motions To Dismiss The Petitioners Writ Of Review, and affirms the PERB Decision.

¶20    Accordingly, it is hereby

**ORDERED** that the Public Employees Relations Board Show Cause Decision and Order, dated February 19, 2019, is **AFFIRMED**; and it is further

**ORDERED** that Respondent Riise E. S. Richards' Motion To Dismiss The Petitioners Writ Of Review, filed September 13, 2019, and September 18, 2019, is **DENIED as moot**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be served upon Riise E. S. Richards; and a copy thereof directed to counsel of record.

DATED: March _10_ , 2021

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

By: _____
**DONNA D. DONOVAN**
Court Clerk Supervisor  3 / 12 / 2021

CERTIFIED A TRUE COPY

DATED: _____
TAMARA CHARLES
CLERK OF THE COURT,
BY: _____
TITLE: COURT CLERK II